MAXIE SONNIER V. THE STATE.

No. 21571. Delivered April 23, 1941.

The opinion states the case.

*Baldwin & Jernigan,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in the penitentiary for two years.

Appellant requested permission to enter a plea of guilty, waive a jury, and submit his case to the trial judge. This request having been properly granted, appellant entered his plea of guilty. The State introduced proof to the effect that an automobile of the value of more than fifty dollars, belonging to and in the possession of E. C. Fowler, was stolen by the appellant on the 10th day of July, 1940. Mr. Fowler testified that he did not give appellant or any other person permission to take the car. The State introduced appellant's confession in which he stated that he had committed the offense in question. Appellant filed an application for a suspended sentence and, in support thereof, testified that he had never been convicted of a felony in this State or in any other state. He also admitted in his testimony that he had stolen the automobile of Mr. Fowler.

Upon the trial of the case appellant was represented by an attorney. After conviction he apparently discharged the attorney and employed other counsel. In the motion for new trial, prepared by counsel last employed, it was stated that appellant's attorney upon the trial had stated to appellant that if he would plead guilty he would obtain a suspended sentence for him. The testimony adduced upon the motion for new trial was in conflict. Appellant and other witnesses testified in support of the averments of the motion. Appellant's counsel in the trial of the case denied that he had made any such statement to the appellant. Disclaiming any intention of holding that

appellant would have been entitled to a new trial in the event there had been no conflict in the testimony relative to the averments embraced in the motion, it is observed that the trial court was warranted in accepting the testimony of appellant's first attorney to the effect that he had made no promises of any character to appellant in order to induce him to plead guilty.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, Presiding Judge.

The foregoing opinion was prepared by Judge Christian and brought into consultation on the morning of April 15, 1941. During consultation, at about 10:30 a. m., he was suddenly stricken and soon lapsed into unconsciousness, and passed away about 7 o'clock in the evening of April 15. In the afternoon the court continued its consultation, considered the opinion, and adopted the same. It is now here formally announced as the opinion of the court under the name of our lamented co-worker, this April 23, 1941.